Chief Justice Robertson

dissenting from the opinion of the majority of the court, in the above case, delivered Ms own opinion as follows:

Mrs. Bartlett held the slaves twenty-three years. She must have held them as administratrix, or in her own right exclusively, or in her own right as a distri-butee, and in that of Sneed as her co-distributee. If the jury had no right to infer from the facts proved, that she ever assented to Sneed’s right as a distribu-tee, they had no right to infer that she held them in her own exclusive right; because, unless-she had, as administratrix, sold or retained them for payment of debts, (of which there is not a particle of evidence,) she could not have held them in her own right without an actual or presumed assent to the right of the distributee. If she held them because she was a dis-tributee, then she waived her right as administratrix, and did not, of course, hold them in her fiducial cbar° *25 -ac'ter: If she bought Sneed’s right, or if he gave his "interest to her, and therefore she held them as her own, she assented to his right and to her own, and could not have retained them as administratrix.
Disseni.
Now, if a jury had no right to infer that Mrs. Bartlett had ever, as administratrix, assented to the distributive rights, the consequence must be, that she held them always in Irer representative character, unless she had sold them for payment-©f debts, and thus .acquired the exclusive personal right. And :I suppose .that it would be conceded that, "if'the facts ¡proved would not allow a jury to find that she ever assented to the distributive rights, the same facts could not authorize the inference, that the slaves belonged to her absolutely. For, if the non-suit be proper, it is so only on the hypothesis, that the administratrix never waived her representative right. If she did ever waive it, then the question would be, "whether the waiver was to her own right and that of Sneed as dis-tributees, or to her own absolute right as a purchaser, íf a jury might infer her assent, as administratrix, that she herself should hold the slaves in her own exclusive right, might they not be allowed to infer, that she held them-under the distributive right? Ande converso, if a jury could not infer that she assented to the distributive rights, they could not infer that she held them otherwise than administratrix.
I shall not intimate what, in my opinion, ought to have been the verdict of the jury; my only object is -to state, that, according to my view of the case, the •jury had a right -to consider the facts and to decide -upon them.
Sneed was the brother of the administratrix,; he was her surety. The estate seems to have bee© .small — There is no intimation that the sale of ,the-slaves, or any of them, could have been necessary for payment of debts, or that there ever was such a sale. Three years after the administratrix was appointed, her brother and coadjutor bought the interests of her co-distributees, and .permitted her to retain the possession and use of all the slaves, without partition, during her life. Why was that purchase made? Evidently for the purpose of securing to a destitute sister the use of the slaves, without the danger of being *26 disturbed. If Sneed had not made the purchase, can it be doubled that the slaves would have been distributed, long before Mrs. Bartlett’s death? Perhaps they were not conveniently divisible. But however this may have beeh, or whatever may have influenced him to purchase the slaves, might not a jury have been allowed to infer that he purchased them with her knowledge and assent, and chiefly for her benefit? Might they not have reasonably inferred that she did not hold them afterwards,for twenty years, in her right as administratrix, for the purpose of paying debts, the existence of which could not be presumed? It is not probable that Sneed would have purchased the interests of the co-distributees, if there had been any debts which might render the sale of the slaves necessary.
Dissent.
I feel well satisfied, that the jury would have been authorized to find, that Mrs. Bartlett had not retained the slaves until her death, merely in her representative capacity.; and that therefore the circuit court erred, in not permitting them to decide the case. They had a right to decide whether Mrs. Bartlett held the slaves as her own, or in the right of her brother and herself as co-distributees. If they had a right to infer that she did not hold them as adminis-tratrix, the non-suit was improper, unless they were bound to decide that.she held them as her own absolutely and adversely to the world; and this they were certainly not bound to do.
•It is my opinion, not only that the jury had a right to infer that she had not held the slaves as adminis-tratrix, for more than twenty-three years, but that it is so irrational to presume that she did so hold them, that if a special verdict to that effect had been returned, it would have been the duty of the circuit court to set it aside. If any thing less than positive proof of an express assent be sufficient, the evidence of assent in this case should be considered persuasive, if not conclusive. And it does seem to me, that, if the non-suit be right in this case, courts may, by their own metaphysical reasoning, arrogate to themselves the decision of almost all matters of fact, the trial of which has been confided by the fundamental law to juries. The facts proved in this case were legal and pertinent; their weight and effect should have been *27 determined, not by the judge, but by the jury; of this much at least I feel clearly convinced-.
It is therefore my opinion, that the judgment of thé circuit court is erroneous.